IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| DEVERE ANDRE HALL, SR. | : | CIVIL ACTION | **FILED** |
| | : | | MAR 31 2017 |
| v. | : | | KATE BARKMAN, Clerk |
| | : | | By_____Dep. Clerk |
| RICHARD KINGSTON, et al. | : | NO. 17-543 | |

MEMORANDUM

PRATTER, J.                                                                                   MARCH 30, 2017

Plaintiff Devere Andre Hall Sr. brings this civil action based on allegations that he was sexually assaulted. For the following reasons, the Court will dismiss the amended complaint.

I.     **FACTS AND PROCEDURAL HISTORY**

Mr. Hall, who uses a wheelchair to ambulate, filed his initial complaint against Richard Kingston, JBJ Soul Homes, and an entity identified as "Limited Partnership, LLC." He alleges that in October or November of 2015, he was approached by three employees of JBJ Soul Homes and that one of those employees, Mr. Kingston, "reached out and started feeling on [his] shoulder in a sexual/seductive manner." (Compl. ¶ III.C.) His complaint listed "due process, sexual harassment, [and] disabled discrimination" as the jurisdictional basis for his claims. (*Id.* ¶ II.B.)

In a February 8, 2017 order, the Court granted Mr. Hall leave to proceed *in forma pauperis* and dismissed his complaint. The Court concluded that Mr. Hall failed to state a federal claim against the defendants because nothing in the complaint established that the defendants were state actors subject to liability under 42 U.S.C. § 1983, or otherwise provided a plausible basis for a federal claim. To the extent Mr. Hall was raising state tort claims, the Court concluded that it lacked subject matter jurisdiction because the complaint did not establish that the parties were

diverse or that the amount in controversy exceeded $75,000, so as to justify jurisdiction under 28 U.S.C. § 1332.

Mr. Hall was given an opportunity to file an amended complaint, which he did. As with the initial complaint, the amended complaint is based on one interaction that Mr. Hall had with Mr. Kingston on the sidewalk. Mr. Hall alleges that Mr. Kingston, an employee of Project HOME/JBJ Soul Homes, where Mr. Hall was a resident, "grabbed . . . [his] shoulder and felt on [it] affectionately." (Am. Compl. ¶ III.C.) Mr. Hall alleges that "this outrageous groping/unwanted advances leads to sexual harassment as per JBJ Soul Homes/Project HOME." (*Id.*) It appears as though Mr. Hall is claiming that his constitutional rights were violated, that he was sexually harassed, and that he was discriminated against. The amended complaint names Mr. Kingston, JBJ Soul Homes, Project HOME, and "Limited Partnership LLC" as defendants.[1] He seeks damages in excess of $75,000 "for sexual harassment." (*Id.* ¶ V.)

## II. STANDARD OF REVIEW

As Mr. Hall is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the amended complaint if it fails to state a claim. To survive dismissal, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As Mr. Hall is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

---

[1] Project HOME is listed as a defendant on the second page of the complaint but was not listed in the caption. However, the Court understands Mr. Hall to be raising claims against it.

2

### III. DISCUSSION

Mr. Hall's amended complaint fails for the same reasons as his initial complaint. "[A] suit under § 1983 requires the wrongdoers to have violated federal rights of the plaintiff, and that they did so while acting under color of state law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995)). The amended complaint does not plausibly allege that the defendants are state actors or set forth a plausible basis for a constitutional violation. Nor is any other plausible violation of a federal statute apparent from the amended complaint.[2]

To the extent Mr. Hall is raising state tort claims, the Court lacks jurisdiction. The only possible independent basis for subject matter jurisdiction is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Mr. Hall alleges that he is a citizen of Pennsylvania. He indicates that the defendants are citizens of New Jersey, but he has not provided any facts to support that allegation and, although not conclusive, he has provided only Philadelphia addresses for all of the defendants. The Court takes judicial notice of the fact that Project HOME "is a Pennsylvania non-profit corporation" with its main office at 1415 Fairmount Avenue in Philadelphia. *United States v. City of Phila.*, 838 F. Supp. 223, 224 (E.D. Pa. 1993), *aff'd without opinion*, 30 F.3d 1488 (3d Cir. 1994); *see also* Fed. R. Evid. 201; Pennsylvania Department of State, Charities Online Database

---

[2] It appears that Mr. Hall was living at JBJ Soul Homes when the incident in question occurred. In the event he is alleging that he was also employed there, which is not clear, he still has not set forth a plausible basis for a sexual harassment claim under Title VII because the conduct of which he complains does not rise to the level of an actionable violation. *See id. Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (explaining that, to be actionable, any harassment must be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment").

3

http://www.charities.pa.gov/CharityDetail.aspx?f51eac4befbgdj%3d91a7 (last accessed Mar. 29, 2017) (search for Project H.O.M.E.). Project Home runs JBJ Soul Homes, a facility located in Philadelphia. As it is apparent that at least two of the defendants are citizens of Pennsylvania, *see* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."), the Court lacks subject matter jurisdiction because the parties are not completely diverse.

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss the amended complaint. Mr. Hall will not be given leave to amend because he cannot cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An order follows, which shall be docketed separately.